**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4209**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANKLIN ANTONIO RIOS, a/k/a Frank, a/k/a Frankie,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:18-cr-00051-D-1)

Submitted:  December 30, 2020                    Decided:  March 24, 2021

Before KEENAN and DIAZ, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Rudolph A. Ashton, III, DUNN PITTMAN SKINNER & CUSHMAN, PLLC, New Bern, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Evan Rikhye, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Franklin Antonio Rios appeals the 408-month sentence imposed following his guilty plea to drug and firearm offenses. On appeal, he challenges the district court's application of the Sentencing Guidelines. Finding no error, we affirm.

Rios first argues that the district court erred in calculating the drug quantity attributable to him. "We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error." *United States v. Crawford*, 734 F.3d 339, 342 (4th Cir. 2013) (internal quotation marks omitted). "In conducting our review, we accord the district court's credibility determinations great deference." *United States v. Henry*, 673 F.3d 285, 292 (4th Cir. 2012). A court imposing a sentence may "consider any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." *United States v. Mondragon*, 860 F.3d 227, 233 (4th Cir. 2017) (internal quotation marks omitted).

The district court relied on statements from Rios' codefendant to calculate the total drug quantity. Rios maintains that those statements were incorrect, and thus that the drug quantity is inaccurate. However, at sentencing, the district court credited testimony from a law enforcement officer who explained why Rios' codefendant provided a more persuasive and accurate account of the drug quantity than did Rios, and we will not question the district court's credibility determination. We therefore discern no basis for disturbing the court's drug weight finding.

Rios next argues that the district court improperly departed upwardly from the advisory Guidelines range based on the criminal history category underrepresenting the seriousness of Rios' criminal history and based on Rios' extreme conduct. *See* U.S. Sentencing Guidelines Manual §§ 4A1.3, 5K2.8 (2018). When the district court decides that the circumstances of a case justify an upward departure, it "is engaged in factfinding, and we use a standard of review approximating the clearly erroneous standard." *United States v. Rusher*, 966 F.2d 868, 882 (4th Cir. 1992); *see also United States v. Oceanic Illsabe Ltd.*, 889 F.3d 178, 194 (4th Cir. 2018). If the district court provided "a reasoned statement of the specific reasons for its departure in language relating to the Guidelines," we will accord appropriate deference to the district court's conclusions. *Rusher*, 966 F.2d at 882 (internal quotation marks omitted); *see also Butts v. United States*, 930 F.3d 234, 238 (4th Cir. 2019) (stating that if court's findings are "plausible in light of the record," appellate court may not reverse for clear error), *cert. denied*, 140 S. Ct. 1113 (2020).

Here, prior to increasing Rios' criminal history category from IV to VI, the district court noted that several of Rios' prior crimes did not contribute to his criminal history score due to their age or the type of sentence imposed. The court further noted that Rios had received lenient sentences despite recidivism and probation violations and emphasized that Rios' persistent recidivism continued well into his middle age. Likewise, prior to departing upwardly on the grounds of extreme conduct, the court discussed Rios' callous conduct toward his codefendant and buyers of the heroin he sold. Because the court pointed to specific evidence in the record that justified departing upwardly and explained the "reasons for its departure[s] in language relating to the Guidelines," *Rusher*, 966 F.2d at 882

(internal quotation marks omitted), we conclude that the court did not clearly err in departing upwardly.

Finally, Rios argues that the district court's upward departures rendered his sentence unreasonably high. We review a sentence for substantive reasonableness under a deferential abuse-of-discretion standard, "tak[ing] into account the totality of the circumstances." *Gall v. United States*, 552 U.S. 38, 51 (2007). When, as here, the district court departs above the initial advisory Guidelines range, we consider whether the sentencing court acted reasonably with respect to "the extent of the divergence from the sentencing range." *United States v. Hernandez–Villanueva,* 473 F.3d 118, 123 (4th Cir. 2007). However, because our review ultimately is for an abuse of discretion, while we "may consider the extent of the deviation," we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the [divergence]." *Gall*, 552 U.S. at 51.

The district court, highlighting the seriousness of Rios' offense, his brutal conduct toward his victims, and his repeated recidivism, reasonably determined that the sentence was proper in light of the nature and circumstances of the offense, Rios' history and characteristics, and the remaining § 3553(a) factors. Based on the court's thorough and considered explanation of the sentence imposed, we conclude that the court did not abuse its discretion and that the 408-month sentence is substantively reasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*